# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03284-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

**BRADLEY D. BROSWICK**,

    Plaintiff,

v.

**STATE OF COLORADO DEPT. OF CORRECTIONS**;
**RICK RAEMISCH**, Executive Director;
**COLORADO ADULT PAROLE**;
**COLO. TIME COMPUTATION**;
**WARDEN**, S.C.F.;
**UNIT 7 CASE MANAGER**;
**JOHN O'DELL**;
**JOSE MORALES**; and
**L. KEISEL**, Sterling Parole Officer,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AN APPLICATION UNDER 28 U.S.C. § 2241

---

Plaintiff, Bradley D. Broswick, is a prisoner in the custody of the Colorado Department of Corrections.  On February 25, 2015, Mr. Broswick filed *pro se* a Prisoner Complaint wherein the sole claim he raises challenges the execution of his sentence. The court must construe the application liberally because Mr. Broswick is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Broswick will be ordered to file an application pursuant to 28 U.S.C. § 2241 if he wishes to pursue any claims in this action.

The instant action is deficient because Mr. Broswick filed a Prisoner Civil Rights Complaint when the correct procedure is for him to file an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. "It is well-settled in this circuit that a challenge to the fact or duration of custody must be brought in a habeas petition, while a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Adams v. Berkebile*, 563 F. App'x 650 (10th Cir. 2014) (quoting *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (internal quotation marks omitted; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action even if Mr. Broswick is challenging the execution of his sentence pursuant to § 2241, Mr. Broswick must provide specific factual allegations in support of the federal constitutional claim he is asserting. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

**ORDERED** that, **within thirty (30) days from the date of this order**, Mr. Broswick file an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 on the proper court-approved forms that clarifies the federal constitutional claims he is asserting.  It is

**FURTHER ORDERED** that Mr. Broswick shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

**FURTHER ORDERED** that this Court's Order granting Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 12) is **VACATED** as that Order required Plaintiff to pay a $350.00 filing fee and the fee to file a habeas corpus action is only $5.00.  It is

**FURTHER ORDERED** that Plaintiff either pay the $5.00 fee or indicate his intention to proceed without payment of costs.  It is

**FURTHER ORDERED** that, if Mr. Broswick fails within the time allowed to file an application for habeas corpus relief that complies with this order, the action will be dismissed without further notice.

DATED April 1, 2015, at Denver, Colorado.

                                         BY THE COURT:

                                         s/ Gordon P. Gallagher
                                         United States Magistrate Judge