IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03284-GPG

**BRADLEY D. BROSWICK**,

    Applicant,

v.

**RICK RAEMISCH**, Executive Director;

    Respondent.

## SECOND ORDER TO FILE PRE-ANSWER RESPONSE

Applicant Bradley D. Broswick is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Logan County Detention Center in Sterling, Colorado.  Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the execution of his sentences in 2005CR310 (Morgan County), 2006CR3036 (Adams County) and 2013CR85 (Logan County) (ECF No. 19).

On May 14, 2015, the court ordered Respondents to file within twenty-one days a Pre-Answer Response in this action (ECF No. 20).  Respondents have failed either to submit the requested Pre-Answer Response or to communicate with the Court in any way.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 19) filed May 13, 2015, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court

again directs Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d), exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) and/or procedural default.  If Respondents do not intend to raise any of these affirmative defenses, Respondents must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner, whether Applicant has exhausted state court remedies and/or whether the claims are procedurally barred.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.  Accordingly, it is

**ORDERED** that **within twenty-one (21) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order.  It is

**FURTHER ORDERED** that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

**FURTHER ORDERED** that if Respondents do not intend to raise any of the

affirmative defenses of timeliness, exhaustion of state court remedies, or procedural default, they must notify the Court of that decision in the Pre-Answer Response.

DATED July 2, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge