**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03284-LTB

**BRADLEY D. BROSWICK**,

    Applicant,

v.

**RICK RAEMISCH**, Executive Director;

    Respondent.

---

**ORDER OF DISMISSAL**

---

Applicant, Bradley D. Broswick, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon Correctional Facility. At the time he filed this action on or around December 3, 2014, he was incarcerated at the Logan County Detention Center in Sterling, Colorado.

Initially, Applicant filed a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 1).  After ordering him to cure deficiencies, Applicant filed a Prisoner Complaint on February 25, 2015 (ECF No. 11).  On April 1, 2015, this Court ordered Applicant to file an Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 as it appeared he was challenging the execution of his state sentences (ECF No. 14). Applicant filed his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on May 13, 2015 (ECF No. 19) wherein he challenges the execution of his sentences in 2005CR310 (Morgan County), 2006CR3036 (Adams County) and 2013CR85 (Logan County).

On May 14, 2015, this Court ordered Respondent to File a Pre-Answer or Preliminary Response (ECF No. 20).  On July 2, 2015, this court entered a Second Order

to File Pre-Answer Response (Second Order) (ECF No. 23).  Respondents filed their Pre-Answer on July 21, 2015 (ECF No. 26).  On August 24, 2015, this Court ordered Mr. Broswick to show cause why his Application should not be dismissed as moot (ECF No. 27).  Mr. Broswick has not filed any reply to this Order.

In his Application, Broswick asserts that CDOC did not calculate his good time and earned time correctly and that he was held beyond the time he should have been released.  As relief, he requests that he receive all the Earned Time and Good Time he is entitled to under Colorado law and that such time be properly subtracted from his composite sentence (ECF No. 19, p.5).  In their Pre-Answer, Respondents assert, *inter alia*, that Mr. Broswick's claims are now moot.  Specifically, Respondents assert that Broswick is a CDOC offender who was granted parole effective November 6, 2014.  Although he was released on parole on November 6, 2014, he was released to a detainer on case 13CR85 out of Logan County, Colorado.  On June 25, 2015, Broswick was sentenced in 13CR85 to six years incarceration consecutive to any and all other sentences.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996); *see also Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit.  *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78).  Federal courts have no authority to give an opinion upon a question that is

moot as a result of events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Inmates serving sentences of imprisonment in Colorado's Department of Corrections for offenses committed on or after July 1, 1979 are eligible by statute for an earned time deduction from their sentence for purposes of computing parole eligibility. C.R.S. § 17-22.5-403(1). Good time reductions and earned time deductions are statutory, not constitutional rights, *People v. Chavez*, 659 P.2d 1381 (Colo. 1983). *See also Fultz v. Embry*, 158 F.3d 1101 (10th Cir.1998) (1979 and 1984 changes in statutory provisions under Colorado's discretionary parole scheme disallowing good time and earned time credits to reduce sentence did not violate 1985 offender's right to due process or constitute *ex post facto* legislation).

Thus, under the current sentencing scheme, earned time credit does not constitute service of sentence or entitle the inmate to mandatory release. The credit only entitles the inmate to a parole review at an earlier date. *See Jones v. Martinez*, 799 P.2d 385, 388 (Colo. 1990) (holding that in Colorado, good time credits generally do not result in a mandatory reduction in sentence; rather, they affect only a prisoner's parole eligibility date, *i.e.*, the date upon which the parole board can make its discretionary determination as to a prisoner's release on parole). Accordingly, prisoners in Colorado do not have a liberty interest in good time credits and, therefore, are not entitled to the procedural protections required by the due process clause. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *Anderson v. Cunningham*, 319 F. App'x 706, 710 (10th Cir. 2009); *Lusero v. Welt*, 223 F. App'x 780, 784 (10th Cir. 2007). Because Mr. Broswick no longer is eligible for parole, his claim now is moot. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 19), filed by Applicant on May 13, 2015, is **DENIED** as moot and this action is **DISMISSED WITHOUT PREJUDICE**.  It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED   September 30, 2015   , at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock
Senior United States District Judge